December 18.
The PRESIDENT
delivered the opinion of the Court.†
In 1792, John Alexander, together with his son Richard B. Alexander, and his son-in-law, John Brown, as his sureties, executed his bond for a considerable debt, to one Donaldson, and also a mortgage on a tract of land of ’‘about 1800 acres, to indemnify his sureties in the bond. In 1795, he sold 314 acres of the land to one Wilson, and conveyed to him, with general warranty and covenants against all incumbrances, and for a good title, and further assurances. Wilson, it is alleged, paid the purchase money to Donaldson by the order of Alexander, in pait payment of the debt due him by Alexander; in consequence of which, the sureties released their lien on the land sold to Wilson. The bill charges that John Alexander, in surveying the 314 acres sold to Wilson, fraudulently carried the surveyor to a corner, so as to include 139 acres of land, which did not belong to him. In 1800, Wilson sold to one Ramsay, with general warranty and covenants against all incumbrances by him. When this conveyance was made, one Greenup was in possession of 139 acres, (wrongfully included in the survey as it is alleged,) claiming a fee-simple title in it; and in the same year, Ramsay brought an action of ejectment for the recovery of the possession; and in 1804 he sold to Auld, the plaintiff. In 1807, he conveyed to Auld, with special warranty against himself, and all persons claiming under him; after which, Judgment was rendered against him in the action of ejectment.
The bill of Auld is against Wilson, Ramsay, and the heirs of John Alexander, claiming to have assigned to him so much of the 1800 acres out of which the land was sold to Wilson, as will compensate him in value, for the 139 acres, lost by Greenup’s title; or, to have the remainder of the 1800 acres sold under the Deed of Mortgage to Alexander’s sureties in the bond of Donaldson, which, it appears, had been before released by the suieties; and for general relief, &c.
The mortgage is not exhibited; though its existence is admitted. Nor does it appear, that it has been regularly recorded, being only proved by one witness. It seems that all the residue of the 1800 acres of land, was conveyed by John Alexander to his children in severalty, for what ^consideration does not appear; except that Charles B. Alexander, one of the sons, says, that the portion conveyed to him, was in consideration principally of money paid by him for his father, and that he purchased Richard B. Alexander’s part. None of the other heirs of John Alexander hold any part of the land, which he at any time held; the residue of his real estate having been sold in his life time to other persons. Nor are any of the Deeds from him to his sons impeached by the bill. There is, therefore, no ground on the pleadings, on which the Plaintiff is entitled to relief, unless he is entitled to a specific lien on the land in the *628 possession of Charles' B. Alexander, paramount to his title. His claim to have satisfaction for the loss of the 139 acres held by Greenup, by an assignment to him of a portion of the 1800 acres of equal value, has no foundation.
There is no case, in which a Court of Equity can assign to a creditor a specific portion of his debtor’s property, in satisfaction of his demand. His claim to be substituted for Wilson and to have his rights, by which to get a lien on the land of Alexander, paramount to the title of Charles B. Alexander, one of his sons, is not better founded. Wilson himself, had no claim to the lien given for the benefit of Alexander’s sureties, for the debt to Donaldson. If he did pay the purchase money to indemnify them, (which is not satisfactorily proved,) he did not pay it for the sureties. The money was due by himself; and though paid for Alexander, it was not paid for his sureties. But, if it had been so paid, there is no ground on which Auld, the Plaintiff, could be substituted for him. He had no claim to indemnity from Ramsay, from whom he purchased, nor upon Wilson. Not upon Ramsay, because his warranty was special, and never broken; nor upon Wilson, for whatever claim Ramsay might have upon him, none was assigned to Auld. Wilson’s covenants were with Ramsay and his assigns of the land, and could only pass to an assignee of the land, as incident to it. That being in the adverse *possession of Greenup when the conveyance was made to Auld, no title nor interest in the 139 acres passed to him ; and though Ramsay might be estopped by his Deed to say that no title passed from him, yet others, not claiming under him, are not estopped.
Decree affirmed.

 Judges Carr did not sit in this cause, hivlñiJíel cided it as Chancellor.